UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

ABENA MORLE,

          Plaintiff,

Case No. 0:25-CV-61108-PAB

vs.

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR C-BASS MORTGAGE
LOAN ASSET-BACKED CERTIFICATES,
SERIES 2007-CB4, and PHH MORTGAGE,

          Defendants

_____/

## **DEFENDANTS' MOTION TO DISMISS**

Defendants, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-CB4 ("U.S. Bank") and PHH MORTGAGE ("PHH," collectively with U.S. Bank, "Defendants") files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and L.R. 7.1 and in support thereof states as follows:

## **INTRODUCTION**

The Plaintiff's Complaint (D.N. 1) is scant on details; however, the little detail the Plaintiff does provide clearly demonstrates any claim to relief should have been addressed in prior proceedings between the parties or well before the expiration of the statute of limitations. Defendants have completed a foreclosure with respect to real property owned by the Plaintiff. The Plaintiff is appealing the entry of that judgment to the Fourth Circuit Court of Appeals. The instant litigation is nothing more than an attempt by the Plaintiff to obtain yet another bite at the legal apple and therefore, this matter should be dismissed with prejudice.

## SUMMARY OF FACTUAL ALLEGATIONS

The Plaintiff owns the real property located at 5849 NW 41ˢᵗ Terrace, Ft. Lauderdale, FL 33319. *See* Compl. at ¶1. The Plaintiff previously executed a promissory note (the "Note"), the repayment of which was secured by a mortgage on the real Property (the "Mortgage," collectively with the Note, the "Loan"). *See id* at ¶¶7-8. On April 7, 2023, U.S. Bank filed a mortgage foreclosure case in the Seventeenth Judicial Circuit in and for Broward County, Florida with Case No.: CACE23012358 (the "Foreclosure Action"). A true and correct copy of the docket of the Foreclosure Action is attached hereto as **Exhibit "A."**[1] On August 8, 2024, the Plaintiff filed an Answer in the Foreclosure Action. *See* Ex. A. at p. 6. On November 15, 2024, the State Court entered a Final Judgment of Foreclosure in favor of U.S. Bank (the "Final Judgment"). A true and correct copy of the Final Judgment is attached hereto as **Exhibit "B."** The Plaintiff is presently appealing the Final Judgment to the Fourth District Court of Appeals. *See* Ex. A. at p. 5. Notwithstanding the pending appeal, the Plaintiff has filed this action.

In the Complaint, the Plaintiff includes eight causes of action and a general claim for damages. The Plaintiff complains very generally of improper servicing of the Loan and a failure to receive disclosures (without specifying which disclosures) at the closing of the Loan. *See* Compl. at ¶¶10-13. The counts in the Complaint are the following: (1) Violations of Truth in Lending Act (15 U.S.C. §1601 *et seq.*) ("Count One); (2) Violations of the Real Estate Settlement Procedures Act (12 U.S.C. §2601, *et. seq.*) ("Count Two"); (3) Violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692 *et. seq.*) ("Count Three"); (4) Violations

---

[1] When a party raises the defenses of *res judicata* and collateral estoppel, as Defendants do here, the Court may take judicial notice of exhibits attached to a Motion to Dismiss. *See Horne v. Potter*, 392 F.App'x 800, 802 (11th Cir. 2010).

of the Consumer Financial Protection Act (12 U.S.C. §5531 *et. seq.*) ("Count Four"); (5) Breach of Contract ("Count Five"); (6) Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. §501.201, *et. seq.*); (7) Fraud/Fraudulent Misrepresentation ("Count Seven"); and (8) Negligent Misrepresentation ("Count Eight"). *See id* at ¶¶14-52. None of the Counts state a cause of action as they are all either timebarred or inapplicable to the facts at hand. For these reasons, the Complaint stands to be dismissed with prejudice.

## MEMORANDUM OF LAW IN SUPPORT OF DISMISSAL

### A.     *Standard of Review*

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**B.      The Rooker-Feldman doctrine prevents the Court from reviewing this matter.**

"[T]he Rooker-Feldman doctrine . . . provides that 'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* The doctrine also "applies both to . . . claims raised in the state court and those 'inextricably intertwined' with the state court's judgments." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment, or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Id.* (quotation and citation omitted).

Courts in this circuit have applied the *Rooker-Feldman* doctrine to dismiss actions where plaintiffs were challenging state-foreclosure judgments. *See, e.g.*, *Parker v. Potter*, 368 Fed. App'x. 945, 947-48 (11th Cir. 2010) (rejecting under *Rooker-Feldman* a federal claim under the Truth in Lending Act ("TILA") that sought rescission of a state foreclosure judgment); *Velardo v. Fremont Inv. & Loan*, 298 Fed. App'x. 890, 892-93 (11th Cir. 2008) (holding that appellants' TILA claims were inextricably intertwined with a state-court foreclosure judgment and thus barred by *Rooker-Feldman*); *Harper v. Chase Manhattan Bank*, 138 Fed. App'x. 130, 132-33 (11th Cir. 2005) (dismissing federal TILA, Fair Debt Collections Practices Act and Equal Credit Opportunity Act claims under *Rooker-Feldman* because they were inextricably intertwined with a state-court foreclosure proceeding); *Bey v. BankAtlantic*, 2010 U.S. Dist. LEXIS 90188, at *5 (M.D. Fla. Aug. 2,

4

2010) (finding the court had no jurisdiction to hear plaintiff's case under *Rooker-Feldman* because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment).

The Complaint is a transparent attempt to relitigate the validity of the state foreclosure judgment under the guise of new legal theories and statutory labels. Because Plaintiff's claims and requested relief would require this Court to reject or undermine the validity of the foreclosure judgment, they fall squarely within the jurisdictional bar and the Court should decline to rule on the merits of Plaintiff's claims.

### C.     *Plaintiff's claims are barred by the doctrines of res judicata*

*Res judicata* bars a party from relitigating matters that were or could have been raised in a prior action resolved by a final judgment on the merits.[2] *See Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). "When a federal court is asked to give *res judicata* effect to a state court judgment, it must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Tipp v. JPMC Specialty Mortg., LLC*, 2023 U.S. App. LEXIS 31909, at *5 (11th Cir. Dec. 4, 2023). Under Florida law, *res judicata* bars a subsequent claim where: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made." *Symonette v. Aurora Loan Servs., LLC*, 631 F. App'x 776, 778 (11th Cir. 2015) (applying Florida law). Each element is satisfied here.

---

2 Res judicata may be raised in a motion to dismiss when the defense's applicability can be judged on the face of the complaint. *Stone v. JPMorgan Chase Bank*, N.A., 786 F. App'x 212, 215 (11th Cir. Sept. 12, 2019).

The first element is met because both the Foreclosure Action and this action concern disputed rights in the Property and seek monetary damages regarding the servicing of the Loan. The third element is likewise met because there is identity or privity among the parties. *See Symonette*, 631 F. App'x at 778 (finding privity where two lenders were connected through assignment of mortgage). Plaintiff was the borrower and defendant in the Foreclosure Action while U.S. Bank (the plaintiff in the foreclosure action) and PHH, its servicer, are defendants here.

As to the second element, "identity of the cause of action is present when the facts essential to the maintenance of the federal action are identical to those which were essential to the maintenance of the prior state action." *Id.* The Complaint challenges the same mortgage transaction and the allegedly fraudulent origination of the loan. *See* Compl. at ¶¶10-13.

Finally, there is "identity of the quality of the persons for or against whom the claim is made." This requires that "the parties in the state action had the incentive to adequately litigate the claims in the same character or capacity as would the parties in the federal action." *Symonette*, 631 F. App'x at 778 (citations omitted). This condition is satisfied because both sides were equally motivated to litigate the claims fully in each case due to their competing interests in the property. *Id.* ("the parties all had the desire to hold title to the condominium, thereby motivating them to fully litigate the claims in the same character or capacity in each case and making res judicata applicable to the state court foreclosure judgment."); *McDonald v. Hillsborough Cnty. School Bd.*, 821 F.2d 1563, 1566 (11th Cir. 1987) (holding that a school board's defense in a prior state action barred subsequent federal claims against individual board members because the same claims arose from the same facts and the board adequately represented their interests); *Solomon v. Wilmington Sav. Fund Soc'y FSB*, 2016 U.S. Dist. LEXIS

83677, at *6 (S.D. Fla. Jun. 28, 2016) (finding identity of parties where each defendant was sued in the same capacity, as holder or owner of the loan documents, during the relevant period, reflecting a mutuality of interest).

Because all four elements of res judicata are satisfied, Plaintiff's claims that challenge the Loan's origination, servicing and the resulting Final Judgment are barred. The Plaintiff cannot now relitigate them in federal court under new legal theories or statutory labels.

Similarly, the doctrine of collateral estoppel applies "when the parties are the same (or in privity) if the party against whom the issue was decided had a full and fair opportunity to litigate the issue in the earlier proceeding." *EEOC v. Pemco Aeroplex, Inc.,* 383 F.3d 1280, 1285 (11th Cir. 2004) (*citations omitted*). A party is deemed to have had a "full and fair opportunity" when a party is able to respond and participate in the prior litigation. *Irvin v. United States,* 335 Fed. Appx. 821, 824 (11th Cir. 2009). As previously stated, the parties to the Foreclosure Action and the instant matter are the same. A review of the Foreclosure Action indicates that the Plaintiff meaningfully participated in the Foreclosure Action. The Plaintiff had the opportunity to challenge the entry of the Final Judgment there and did not do so. Therefore, the doctrine of collateral estoppel prevents her from doing so now. *See Pemco Aeroplex, Inc.,* 383 F.3d at 1285.

### D.   *The Statute of Limitations for Truth in Lending Act Violations has Expired.*

The Truth in Lending Act ("TILA") requires lenders to provide certain disclosures to borrowers when the borrowers are engaged in "consumer credit transactions." 15 U.S.C. §1631(a). A consumer credit transaction is one where a party grants the ability to "incur debt" to a natural person and the funds are used "primarily for personal, family or household purposes." 15 U.S.C. §1602(f) and (i). Typically, disclosures are to be provided not less than

1088961\325432672.v1

three "business days prior to consummation of the transaction." 15 U.S.C. §1639(b)(1). If a lender fails to provide the disclosures required by 15 U.S.C. §1631, *et. seq.,* a consumer may bring a cause of action but must do so within one year of the violation. 15 U.S.C. §1640(e). If the failure relations to disclosures required by 15 U.S.C. §1639, the consumer must bring the claim against the lender within three years of consummation of the transaction. *See Smith v. Am. Fin. Sys., Inc. (In re Smith),* 737 F.2d 1549, 1552 (11th Cir. 1984) (a TILA nondisclosure violation occurs when the transaction is consummated; in other words, at the time of closing of a mortgage transaction).

Here, the subject transaction occurred in 2006 – nineteen years before the filing of the Complaint. *See* Compl. at ¶7. Thus, if the Plaintiff failed to receive any disclosures, she was required to bring suit no later than 2009, sixteen years ago.[3] *See* 15 U.S.C. §1640(e). Plaintiff's failure to file suit within the applicable statute of limitations calls for dismissal of Count One. *See Walker v. United States,* Case No.: 24-cv-14222, 2024 U.S. Dist. LEXIS 225989 at *31 (S.D. Fla. Dec. 13, 2024) (dismissing a TILA claim filed outside the statute of limitations). Any claim by Plaintiff pursuant to TILA would be barred by the statute of limitations and therefore, Count One should be dismissed with prejudice. *See Zamore v. Deutsche Bank Nat'l Trust Co.,* Case No.: 17-80272, 2018 U.S. Dist. LEXIS 126122 at *15 (S.D. Fla. July 26, 2018) (dismissing complaint with prejudice when TILA claims were barred by the applicable statute of limitations).

---

[3] Defendants would note that in the factual allegations, Plaintiff confusingly states she did receive "Truth in Lending Act disclosures." Compl. at ¶9. Accordingly, it would appear that Plaintiff's own allegations contradict the relief she seeks even if the relief were not barred by the applicable statute of limitations, which it is.

**E.    *Count Two Fails to Provide any Factual Support and is also Barred by the Statute of Limitations.***

In Count Two, the Plaintiff alleges Defendants violated the Real Estate Settlement Procedures Act ("RESPA") but fails to provide any factual allegations beyond mere recitation of the elements of a RESPA claim to support the relief sought. *See* Compl. at ¶21. Specifically, the Plaintiff alleges the Defendants violated RESPA by:

> "a) Failing to provide required good faith estimates of settlement costs; b) Receiving kickbacks, referral fees, or unearned fees in violation of 12 U.S.C. §2607; c) Failing to respond to qualified written requests within required timeframes; d) Failing to acknowledge receipt of qualified written requests; e) Continuing collection efforts while qualified written requests were pending investigation; f) Failing to maintain accurate servicing records; g) Engaging in dual tracking in violation of 12 C.F.R. §1024.41."

Compl. at ¶21. RESPA claims unsupported by factual allegations do not survive dismissal and therefore, Count Two stands to be dismissed. *See e.g. Smith v. Hilton Grand Vacations, Inc.,* Case No.: 6:25-cv-218-ACC-NWH, 2025 U.S. Dist. LEXIS 123870 at *5-6 (M.D. Fla. 2025) (finding that the plaintiffs' allegations did not fall into any actionable category as scant information was provided and dismissing plaintiffs' count for a RESPA violation).

Count Two suffers from additional defects as no private cause of action exists for certain of the Plaintiff's claims and even if they did, Plaintiff's claims would still be barred by the applicable statute of limitations. "The good faith estimate requirement under 12 U.S.C. §2604(e) does not create a private cause of action." *Carlsen v. One West Bank FSB,* Case No.: 10-80986, 2010 U.S. Dist. LEXIS 114180 at *5 (S.D. Fla. 2010) (internal citations omitted). Further, "[c]laims of RESPA violations must be raised within either one or three years of the date a violation occurred depending on the provision alleged to have been violated." *Id* (*citing* 12 U.S.C. §2614). The subject loan transaction closed in 2006. *See* Compl. at ¶7 ("On or about 8/11/**2006**, [the Plaintiff] entered into a mortgage loan transaction with Respondent…")

(emphasis added). Therefore, the Plaintiff needed to have brought her claims for RESPA violations by either August 2007 or August 2009. *See* 12 U.S.C. §2614. Having failed to do so until 2025, the Plaintiff's claims are barred by the statute of limitations and should be dismissed. *See Carlsen,* 2010 U.S. Dist. LEXIS 114180 at *5 (dismissing RESPA claims that were brought after the expiration of the statute of limitations).

> **F.    The Plaintiff does not Allege Sufficient Facts to State a Claim for Violation of the Fair Debt Collection Practices Act**

Count Three of the Complaint claims to state a claim pursuant to the Fair Debt Collection Practices Act ("FDCPA"); however, like other claims in the Complaint, the Plaintiff only alleges the elements of a basic FDCPA claim without alleging actual facts to support her claim. *See* Compl. at ¶¶23-27. The FDCPA prohibits debt collectors from employing "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. A debt collector is any entity who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). To prevail on an FDCPA claim, a plaintiff must demonstrate that; "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.,* 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000) (*citing Sibley v. Fistcollect, Inc.,* 913 F. Supp. 496, 470 (M.D. Fla. 1995)).

In the Complaint, the Plaintiff merely states the Defendants are "debt collectors" without stating more. *See* Compl. at ¶ 24. Additionally, the Plaintiff generally alleges the Defendants violated the FDCPA without providing information as to how the Defendants

did so. *See id* at ¶26. As the Complaint fails to state how the Defendants meet the requirements for being debt collectors, Count Three should be dismissed. *See e.g., Hendrix-Smith v. Santander Consumer USA,* Case No.: 20-22254, 2021 U.S. Dist. LEXIS 29524 at *20-21 (S.D. Fla. Feb. 16, 2021) (dismissing claims brought pursuant to the FDCPA that contained only conclusory allegations).

In addition, even if the FDCPA claim survives dismissal on that basis, the Plaintiff has no standing to bring this claim. *Lujan v Defenders Wildlife* 504 U.S. 560 (1992). ("A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action[.]") The Supreme Court in *Lujan* stated that standing, at a minimum contains three elements; 1) injury in fact which is a) concrete and particularized and b) actual or imminent, not conjectural or hypothetical, 2) causal connection, and 3) the injury is likely to be redressed by a favorable decision. *Id.* at 560-561 (1975). *See Also Allen v Wright*, 468 U.S. 737, 756 (1984); *Warth v Seldin*, 422 U.S. 490, 508 (1975); *Sierra Club v Morton*, 405 U.S. 727, 740-741 (1972); *Simon v Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976).

Fatal to her claim is the fact that the Plaintiff fails to show that the Plaintiff suffered a concrete injury and therefore, fails to satisfy the first element of standing. *Spokeo v. Robbins*, 136 S. Ct. 1540, 1548 (2016) ("A "concrete" injury must be "de facto"; that is, it must actually exist… Concreteness, therefore, is quite different from particularization."). In the Complaint, Plaintiff merely alleges that she is entitled to $1,000.00 in compensation, but she does not allege what harm she actually suffered. *See* Compl. at ¶27.

The Plaintiff has not suffered a concrete injury and therefore, lacks standing to pursue this claim. As a result, the Complaint should be dismissed with prejudice.

11

**G.      *The Consumer Financial Protection Act does not provide a private cause of action.***

In Count Four, the Plaintiff comingles a claim for relief pursuant to both the Consumer Financial Protection Act ("CFPA") as well as state law "unfair and deceptive practices" law. *See* Compl. at ¶¶29-31. Specifically, the Plaintiff claims she is entitled to relief pursuant to 12 U.S.C. §5531. *See id* at ¶30. The CFPA is the enforcing Act for the Consumer Financial Protection Bureau ("CFPB") and permits the CFPB to pursue actions against "covered persons" or "service providers." *See* 12 U.S.C. §5531. Numerous District Courts have determined the CFPA permits only the CFPB to bring enforcement actions and that the CFPA does not provide a private cause of action. *See Schooley v. Option One Mortg. Corp.,* Case No.: 5:21-cv-219, 2022 U.S. Dist. LEXIS 154676 at *7-8 (N.D. Fla. June 17, 2022) (compiling cases from several Districts where courts determined 12 U.S.C. §5531 does not create a private cause of action). Since no private cause of action exists, Count Four must be dismissed with prejudice. *See id* (dismissing claims under the CFPA and stating that "[i]f [the plaintiff] elects to file a third amended complaint, Plaintiff **should omit any claims under sections 5531 and 5536 of the CFPA**.") (emphasis in original).

Here, the Plaintiff appears to understand that the CFPA does not create a private cause of action as she states that the alleged "violations of the CFPA…provide a basis for private right of action under state law for unfair and deceptive practices." Compl. at ¶31. The Plaintiff does not cite to which state laws she is referring. However, to the extent she is seeking to state a claim pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), her claim fails as will be discussed *infra*.

**H.    Res Judicata and Collateral Estoppel bar the Plaintiff's Breach of Contract Claim**

Count Five attempts to state a cause of action for breach of contract. *See* Compl. at ¶¶32-36. Again, without citation to specific allegations, the Plaintiff claims that the Defendants breached the subject loan documents generically by not properly servicing her loan. *See id* at ¶35. No allegations as to how the Loan was improperly serviced are provided. *See id*. Regardless, the Plaintiff's claims regarding the servicing of the Loan should have been litigated in the Foreclosure Action. Due to the entry of the Final Judgment in the Foreclosure Action, the Plaintiff is barred by the doctrines of *res judicata* and collateral estoppel. *See Symonette v. Aurora Loan Servs., LLC,* 631 F. App'x 776, 778 (11th Cir. 2015); *See also EEOC v. Pemco Aeroplex, Inc.,* 383 F.3d 1280, 1285 (11th Cir. 2004) (*citations omitted*).

**I.    FDUPTA is inapplicable to mortgage servicing and therefore, Count Six should be dismissed.**

FDUPTA prevents "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce." Fla. Stat. §501.204. "FDUPTA defines trade or commerce as 'advertising, soliciting, providing, offering, or distributing, whether by sale, rental or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. §501.203(8). "Courts have thus repeatedly found that 'the 'trade and commerce' requirement is often not met in cases dealing with borrowers alleging FDUPTA claims against their mortgage servicers.'" *Blake v. Seterus, Inc.,* Case No.: 16-21225, 2017 U.S. Dist. LEXIS 18651 at *5-6 (S.D. Fla. Feb. 9, 2017) (dismissing FDUPTA claim against a mortgage servicer after finding the servicer was not participating in trade or commerce) (internal citations omitted). Similarly, the Defendants here are not engaged in trade or commerce as Defendants merely sought to enforce the terms of the Loan. *See* Compl.

at ¶10-13. Thus, Count Six stands to be dismissed with prejudice. *See Blake,* 2017 U.S. Dist. LEXIS 18561 at *6.

> **J.**   **The Plaintiff's claims for fraud and fraudulent misrepresentation are not plead with particularity and are barred by the statute of limitations.**

Count Seven entitled "Fraud/Fraudulent Misrepresentation" suffers from the same fatal defects as the remainder of the Complaint as the allegations provide scant details and the claims are barred by the statute of limitations. In order to state a claim for fraud in Florida, a party must show "(1) misrepresentation of material fact; (2) by someone who knew or should have known of the statement's falsity; (3) with intent that the representation would induce another to rely and act on it; and (4) injury suffered in justifiable reliance on the representation." *Zarrella v. Pac. Life Ins. Co.,* 755 F. Supp. 2d 1218, 1224 (S.D. Fla. 2010). "Additionally, Rule 9(b) of the Federal Rules of Civil Procedure places more stringent pleading requirements on cases alleging fraud." *Owens-Benniefield v. Nationstar Mortg. LLC,* Case No.: 8:17-540, 2017 U.S. Dist. LEXIS 115469 at *14 (M.D. Fla. July 25, 2017) (internal citations omitted). Conclusory allegations without the support of specific statements by the defendant cannot support a claim for fraud. *See id* at *15. Stated differently,

> "Rule 9(b) is satisfied only if the complaint sets forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) [the] same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Id* at *17 (*citing Ziemba v. Cascasde Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001)).

In the instant matter, the Plaintiff merely states that Defendants "made material misrepresentations of fact concerning the terms, conditions and costs of the mortgage loan." Compl. at ¶43. The Complaint does not identify who specifically made the statements, what

14

misrepresentations were contained in any statement or the time and place of the statements. *See id.* Thus, Count Seven fails to meet the heightened pleading requirements for fraud and stands to be dismissed. *See Owens-Benniefield,* 2017 U.S. Dist. LEXIS 115469 at *14 (dismissing complaint that failed to meet the enumerated requirements for pleading fraud).

Even had the Plaintiff provided more retail regarding her fraud claims, Count Seven would still stand to be dismissed as it is barred by the four-year statute of limitations. *See* Fla. Stat. §95.11(3)(i). "The statute begins to run from the date the claimant discovered or should have discovered, with the exercise of due diligence, the facts giving rise to the cause of action." *Walker v. United States,* Case No.: 24-cv-14222, 2024 U.S. Dist. LEXIS 225989 at * 23-24 (S.D. Fla. Dec 13, 2024) (*citing* Fla. Stat. §95.031(2)(a)). Additionally, the twelve-year statute of repose bars fraud claims regardless of whether the plaintiff should have discovered the fraud. *See id*. Here, the Loan originated on August 11, 2006. *See* Compl. at ¶7. Therefore, the Plaintiff's claims expired, at the very latest, August 2018, almost seven years before she commenced the instant action. *See* Fla. Stat. §95.031(2)(a). As the claim is time barred, the claim should be dismissed with prejudice. *See Walker,* 2024 U.S. Dist. LEXIS 225989 at *24 (dismissing a fraud claim with prejudice that was brought fourteen years too late).

### K.    *Plaintiff's Claim for Negligent Misrepresentation also does not meet the Heightened Pleading Requirement for Fraud and Therefore, should be Dismissed.*

Claims for negligent misrepresentation are grounded in fraud and therefore, plaintiffs attempting to state a cause of action for negligent misrepresentation "must satisfy Rule 9(b)'s particularity requirements in pleading their negligent misrepresentation count." *Visonic Sys. V. AT&T Digital Life (In re SIG, Inc.),* 971 F.Supp.2d 1178, 1197 (S.D. Fla. 2013). Failure to comply with Rule 9's requirements dooms a claim for negligent misrepresentation. *See id*

15

(dismissing a negligent misrepresentation claim where the plaintiff failed to meet the particularity requirements of Rule 9(b)).

In the Complaint, the Plaintiff states the Defendants "negligently provided false or incomplete information regarding material aspects of the loan." Compl. at ¶50. The Complaint does not provide more information beyond that. *See id.* Thus, the Plaintiff has not shown what statements were made, when they were made or by whom and therefore, she fails to state a cause of action for negligent misrepresentation. *See Visonic Sys.,* 971 F.Supp.2d at 1197 (dismissing negligent misrepresentation claim that did not meet Rule 9's pleading standard of particularity).

Similar to claims for fraud, negligent misrepresentation claims must be brought within four years. *See Adderly v. Three Angels Broad. Network, Inc.,* Case No.: 18-23362, 2019, U.S. Dist. LEXIS 220848 at *21 (S.D. Fla. Dec. 26, 2019) (dismissing claim for negligent misrepresentation brought after the expiration of the four-year statute of limitations). Although not clear from the allegations in the Complaint, the Plaintiff appears to take issue with representations made at the origination of the Loan. *See* Compl. at ¶50. Thus, the statements would have been made in 2006. *See id* at ¶7. Plaintiff has waited approximately fifteen (15) years after the expiration of the statute of limitations to pursue her claim for negligent misrepresentation and therefore, Count Eight must be dismissed with prejudice. *See e.g., Walker,* 2024 U.S. Dist. LEXIS 225989 at *24 (dismissing a fraud claim with prejudice that was brought fourteen years too late).

L.        *Shotgun Pleading*

The Complaint violates Federal Rules of Civil Procedure 8(a)(2) and 10(b) and constitutes a classic shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

The first type of shotgun pleading is one where "a complaint contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The Complaint repeatedly makes this mistake. *See* Compl. at ¶¶19, 23, 27, 31, 37, 42 and 48.

As further evidence that the Complaint is a shotgun pleading, the Complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. Plaintiff consistently refers to "Respondents" as a group without identifying who allegedly did what. In nearly all eight counts, the conduct is attributed collectively, depriving each Defendant of adequate notice. Therefore, the Complaint should be dismissed.

## Conclusion

The parties have litigated the matters raised in the Complaint and the Plaintiff has not prevailed. Additionally, the Plaintiff is already seeking to challenge the entry of the Final Judgment through her appeal before the Fourth District Court of Appeals. She should not be permitted to litigate the same matters in another forum and therefore, the Complaint should be dismissed with prejudice.

WHEREFORE, the Defendants, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-CB4 and PHH MORTGAGE respectfully request the Court dismiss the Complaint with prejudice and grant such other relief as the Court deems just and proper.

s/ *Siobhan E. P. Grant*
Peter A. Hernandez
Florida Bar No 064309
pahernandez@hinshawlaw.com
Siobhan E. P. Grant
Florida Bar No 68892
sgrant@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2811 Ponce de Leon Blvd.
10th Floor, Suite 1000
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11th, 2025, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will serve an electronic copy upon all counsel of record and via U.S. Mail on the pro se party shown below.

Abena Morle, (pro se)
5840 NW 41st Terrace
Ft. Lauderdale, FL 33319

By: */s/ Siobhan E. P. Grant*
**Siobhan E. P. Grant**