Instr# 119910214 , Page 1 of 4, Recorded 11/18/2024 at 03:25 PM
Broward County Commission
Case 0:25-cv-61108-RAR   Document 12-2   Entered on FLSD Docket 07/11/2025   Page 1 of 4

Filing # 211078731 E-Filed 11/15/2024 09:01:54 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. **CACE23012358**   DIVISION: **11**   JUDGE: **Farmer, Gary M. (11)**

**US BANK NATIONAL ASSOCIATION**

Plaintiff(s) / Petitioner(s)

v.

**Abena Morle**

Defendant(s) / Respondent(s)

_____/

## FINAL JUDGMENT IN MORTGAGE FORECLOSURE

THIS CAUSE having come for hearing held November 14, 2024 on *Plaintiff's Motion for Summary Final Judgment of Foreclosure*, and the Court being fully advised in the premises by Plaintiff's counsel, Mark Elia, Esq., and Defendant Abne Morle, *pro se*, who made appearance at hearing, finds that, based upon the motion, original note and mortgage filed, affidavit of indebtedness, and verified statements of attorney fees and costs, defaults entered, and review of the pleadings, the Court finds there is no genuine issue of material fact in dispute, and Plaintiff is entitled to judgment as a matter of law, and accordingly,
IT IS ADJUDGED that:

1. Plaintiff, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-CB4 (hereafter, "Plaintiff"), **whose mailing address is, C/O PHH Mortgage Corporation, P.O. BOX 24605, West Palm Beach, FL 33416-4605**, is due

| | | |
|---|---|---:|
| Principal | $ | 124,865.97 |
| Deferred Principal Balance | $ | 86,044.72 |
| Interest from 01/01/2021 to 11/14/2024 | $ | 9,662.01 |
| Escrow Balance | $ | 15,351.23 |
| Suspense Balance | $ | (-93.11) |
| BPO/Appraisal | $ | 170.00 |
| Property Inspections | $ | 460.00 |
| Title Search expense | $ | 606.50 |
| Prior Servicer Fees:<br>  Property Inspection - $72.50<br>  BPO - $85.00 | $ | 157.50 |
| Court Costs: | | |
| Filing Fees | $ | 942.05 |
| Service of Process | $ | 731.40 |

Page 1 of 4

Case Number: CACE23012358

|  | Attorney flat fees | $ | 4,600.00 |
| --- | --- | --- | --- |
| **TOTAL** |  | $ | 243,498.27 |

that must bear interest at the rate of 9.5% per year and thereafter at the legal rate as provided by law.

2. Plaintiff holds a lien for the total sum superior to all claims or estates of defendant, ABENA MORLE, on the following described property in BROWARD County, Florida:

**LOT 16 IN BLOCK 2, OF POMPANO PARK, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 50, AT PAGE 21 OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.**

3. If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court must sell the property at public sale on **JANUARY 30, 2025** to the highest bidder for cash, except as prescribed in paragraph 4, in accordance with section 45.031, Florida Statutes, using the following:
By electronic sale beginning at 10:00 a.m. on the prescribed date at **www.broward.realforeclose.com**

4. Plaintiff must advance all subsequent costs of this action and must be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale must be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk must credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

5. On filing the certificate of title the clerk must distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this court.

6. On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens must be foreclosed of all estate or claim in the property and defendant's right of redemption as prescribed by section 45.0315, Florida Statutes, must be terminated, except as to the rights of a bona fide tenant occupying residential premises under the federal Protecting Tenants at Foreclosure Act [(PTFA)], 12 U.S.C § 5220, note, or section 83.5615, Florida Statutes, and claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. On the filing of the certificate of title, the person named on the certificate of title must be let into possession of the property, subject to the rights of a bona fide tenant occupying residential premises under the federal Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220, note, or section 83.5615, Florida Statutes.

7. If Plaintiff should elect to assign its bid at sale, the assignment of bid must be effective upon the filing of a Notice of Assignment of Bid or Motion and Order for Assignment of Bid and the Clerk of the above entitled Court is hereby directed to issue the Certificate of Title to such assignee without further payment.

8. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment, unless prohibited by bankruptcy.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

Case Number: CACE23012358

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, IF ANY, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN THE DATE THAT THE CLERK REPORTS THE FUNDS AS UNCLAIMED. IF YOU FAIL TO FILE A TIMELY CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE BROWARD CLERK OF THE COURT, 201 SE 6TH STREET ROOM 230, FORT LAUDERDALE, FL 33301 954-831-5792 WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT LEGAL AID SERVICE OF BROWARD COUNTY, INC., AT 609 SW 1ST AVE, FORT LAUDERDALE, FL  33301, (954) 765-8957 EXT 273, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES.  IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT LEGAL AID SERVICE OF BROWARD COUNTY, INC., AT 609 SW 1ST AVE, FORT LAUDERDALE, FL  33301, (954) 765-8957 EXT 273, FOR ASSISTANCE , YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

       9. Pursuant to *Ross v. Wells Fargo Bank*, 2013 Fla. App. LEXIS 2143, *2-3 (Fla. 3d DCA Feb. 13, 2013), the Court retains jurisdiction of this action to enter Orders relating to supplemental proceedings to address any omitted parties who may possess an interest in the subject property post-judgment.
       10. The court retains jurisdiction to enter further orders to permit Plaintiff's recovery of advances, including but not limited to:  taxes, insurance, inspection, repairs, property preservation, publication, attorney fees, and costs, by amended or supplemental judgment or order, and from any and all foreclosure sale proceeds and surplus funds from the foreclosure sale.
       11. Any sale proceeds distributed by the Clerk of Court to Plaintiff as a result of a third-party bidder at foreclosure sale shall be made payable to the Plaintiff of record.
       12. If this judgment is signed on a date after the date of hearing listed at the beginning of this judgment, the Clerk of Court is hereby directed to treat this judgment as having been entered *nunc pro tunc* to the date of hearing, to wit: November 14, 2024, so that statutory post-judgment interest begins to accrue on the day following the hearing.

Case Number: CACE23012358

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>15th day of November, 2024</u>.

<u>CACE23012358 11-15-2024 4:05 PM</u>
Hon. Gary Farmer
**CIRCUIT COURT JUDGE**
Electronically Signed by Gary Farmer

**Copies Furnished To:**
John Anthony Van Ness , E-mail : TVanness@vanlawfl.com
John Anthony Van Ness , E-mail : E-Filing@vanlawfl.com
John Anthony Van Ness , E-mail : pleadings@vanlawfl.com
Patrick M Connell , E-mail : pconnell@vanlawfl.com